**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2021*
Decided December 23, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-3271

| | |
|---|---|
| KIM A. DUERSON, SR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:18-cv-00120-RLY-MPB |
| JANIE L. HADLEY, et al., *Defendants-Appellees*. | Richard L. Young, *Judge*. |

## O R D E R

Kim Duerson, an Indiana inmate, mistakenly received two doses of a prescription medication intended for another inmate. He sued prison medical staff under the Eighth Amendment to the Constitution for deliberate indifference to a serious medical need. The district court entered summary judgment for the defendants, finding

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

no evidence that any defendant knew of a serious risk to Duerson's health. We affirm the judgment.

We recount the facts in the light most favorable to Duerson, the nonmoving party. *See Hackett v. City of South Bend*, 956 F.3d 504, 506 (7th Cir. 2020). Duerson received medical treatment while incarcerated at the Reception Diagnostic Center, an Indiana prison. Because he had a fever, nursing staff placed him in an isolation cell, gave him medication for his illness, and monitored his condition. The nurses were employed by Wexford of Indiana, LLC, a private company that contracts to provide medical care to Indiana prisoners.

A clerical error led to Duerson receiving two doses of an anti-seizure medication, Dilantin, which was not prescribed to him. The identification number of another inmate, who had been prescribed Dilantin, was mistakenly written on Duerson's medication record. As a result, Brian Carter, a licensed practical nurse, twice dispensed Dilantin to Duerson. On the day after Duerson received the second dose, a different nurse discovered the error and documented it in a report. Although Duerson had been monitored closely while in the isolation cell, nursing staff examined him again and explained to him that he had inadvertently received two doses of another inmate's Dilantin. Wexford's regional medical director, a doctor, later opined in an affidavit that the Dilantin appeared to have done Duerson no harm.

Duerson filed suit under 42 U.S.C. § 1983 against members of the prison nursing staff and Wexford. He alleged, as relevant here, that Carter displayed deliberate indifference in giving him Dilantin and that Wexford failed to implement adequate policies to prevent medication errors. At screening, *see* 28 U.S.C. § 1915A, the district court dismissed Wexford as a defendant because Duerson made no allegations against it; the court allowed him to proceed against Carter, however, on his claim of deliberate indifference.

The district court entered summary judgment for the defendants, concluding that no reasonable jury could find that any defendant knew of and disregarded a significant risk to Duerson's health. It saw no evidence that Carter knowingly gave Duerson the wrong medication.

On appeal, Duerson argues that the district court overlooked evidence of deliberate indifference by Carter. He maintains that Carter admitted in an affidavit to dispensing the Dilantin even after noticing that "something didn't look right" about the

medication record. In Duerson's view, Carter ignored a serious risk to his safety by failing to verify his name and inmate number before giving him Dilantin.

But nothing in the record suggests that Carter knew of the error when dispensing the Dilantin. To prevail on a claim of deliberate indifference, a plaintiff must show that the defendant was subjectively aware of a serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994). Contrary to Duerson's assertions, Carter never indicated in his affidavit or elsewhere that he noticed anything amiss about Duerson's medication record. Carter's failure to double check Duerson's inmate number might at most support a claim of negligence, but that would not be sufficient to establish deliberate indifference. *Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018).

Duerson also challenges the dismissal at screening of his claims against Wexford. He maintains that Wexford was liable under § 1983 because the medication errors must have resulted from an unspecified Wexford policy or custom. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978). But the record contains no evidence about Wexford's policies, and no reasonable jury could find that errors in dispensing medication were a widespread practice or custom at the prison. *See Hildreth v. Butler*, 960 F.3d 420, 426–27 (7th Cir. 2020) (three instances of delay in dispensing medication too few to establish a widespread custom or practice).

Finally, Duerson for the first time raises charges of bias against the district judge, who entered adverse rulings in this case and in criminal cases involving Duerson and his sons. But adverse rulings alone are not evidence of judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Trask v. Rodriguez*, 854 F.3d 941, 944 (7th Cir. 2017).

We have considered Duerson's other arguments, and they are meritless.

The district court's judgment is AFFIRMED.